OPINION
Defendant-appellant Samuel W. Perrin, Jr., appeals from the April 26, 1999, Judgment Entry of the Licking County Court of Common Pleas finding that the forfeiture of appellant's 1987 Buick Sedan does not constitute an excessive fine under the Ohio or the United States Constitutions. Plaintiff-appellee is the State of Ohio
 STATEMENT OF THE FACTS AND CASE
In August, 1995, with the assistance of a confidential informant, the Licking County Police Department purchased cocaine from appellant on five separate occasions. As a result of these purchases, the Licking County Grand Jury indicted appellant on December 15, 1995, on five counts of aggravated trafficking in drugs in violation of Revised Code Section 2925.03(A)(1), felonies of the third degree. The indictment also contained a specification to all five counts which alleged, in part, that appellant, during the commission of the drug offenses, had used a 1987 Buick Sedan "which was used or intended to be used in any manner to commit or facilitate the commission of the felony drug abuse offense." A jury trial was held on April 18, 1996. Following deliberations, the jury found appellant guilty of all five counts of aggravated trafficking in drugs in violation of R.C. 2925.03. Thereafter, the trial court sentenced appellant to one and a half years in prison on each count, suspended appellant's driver's license for a period of six months on each count, and also ordered that appellant's 1987 Buick Sedan be forfeited. The sentences on the five counts were to be served consecutively. Appellant was also fined $1,500.00 on each count. A Judgment Entry memorializing appellant's conviction and sentence was filed on April 18, 1996. On August 11, 1998, appellant filed a motion for leave to file a delayed appeal which was granted by this court. Pursuant to an Opinion filed on March 3, 1999, in Case No. 98CA83, this court sustained appellant's sixth assignment of error, finding that the trial court had erred in failing to conduct a forfeiture hearing in accordance with Revised Code Section 2925.42(B)(3)(a). In our March 3, 1999, Opinion, we specifically held as follows: "we remand this matter to the trial court for the trial court to conduct the required forfeiture hearing. On remand, ". . . the trial court must make an independent determination whether forfeiture of . . . [the 1987 Buick Sedan was] an `excessive fine' prohibited by the Excessive Fine Clauses of the Ohio and United States Constitutions." Upon remand, a forfeiture hearing was held before the trial court on April 21, 1999. At the forfeiture hearing, the parties stipulated that the vehicle at issue was used or intended to be used in any manner to commit or facilitate the commission of the felony drug abuse offenses as set forth in Counts I through V of the indictment. The parties disputed, however, whether forfeiture of the vehicle constituted an excessive fine under the Ohio or United States Constitutions. After hearing the arguments of counsel, the trial court stated on the record that it clearly found that forfeiture of appellant's 1987 Buick Sedan was "not excessive based upon the facts and circumstances involved in this case." Transcript of Proceedings at 9. The trial court, therefore, ordered that appellant's 1987 Buick Sedan be forfeited. The trial court, in its April 26, 1999, Judgment Entry, specifically held as follows: "The parties stipulated that the vehicle at issue `was used or intended to be used in any manner to commit or facilitate the commission of the felony drug abuse offenses' as set forth in counts one through five of the indictment. Based upon this stipulation the Court finds that the factual predicate for forfeiture under R.C. 2925.42 has been established beyond a reasonable doubt. The Court specifically finds that the forfeiture of this vehicle, contrary to the arguments of the Defendant, does not constitute an `excessive fine' under the Ohio or the United States Constitution. This is specifically true, in part, based upon the fact that this vehicle is only valued at approximately $1,000.00; it was used to commit five separate felonies; and, as noted infra, the Court by the same judgment entry has waived the mandatory fines previously imposed." The trial court, in its April 26, 1999, Judgment Entry, also waived the mandatory fines previously imposed on appellant due to appellant's indigency. It is from the trial court's April 26, 1999, Judgment Entry that appellant prosecutes his appeal, raising the following assignment of error:
 THE TRIAL COURT COMMITTED HARMFUL ERROR IN ORDERING THE FORFEITURE OF THE DEFENDANT-APPELLANT'S AUTOMOBILE.
 I
Appellant, in his sole assignment of error, maintains that the trial court erred in ordering the forfeiture of his 1987 Buick Sedan. Appellant specifically submits that, in light of the total sentence that the trial court previously imposed on appellant, the forfeiture of appellant's vehicle was an excessive fine. R.C.2925.42 provides for the criminal forfeiture of property used in or resulting from the commission of a felony drug abuse offense or act. See State v. Hill (1994), 70 Ohio St.3d 25, 30 — 32. Any person who is convicted of, or pleads guilty to a felony drug abuse offense forfeits to the state, any right, title, or interest in that property if: (a) the property constitutes, or is derived from, proceeds obtained from the commission of a felony drug offense, or (b) the property was used or intended to be used in any manner to commit or facilitate the commission of the felony drug abuse or act. R.C 2925.42(A)(1); Rice v. Logan Cty. Bd. of Commrs. (1996), 114 Ohio App.3d 198, 202. A criminal forfeiture is a special proceeding conducted after a finding of guilt within the existing criminal action, and the trial court then proceeds to order the forfeiture to the state under R.C. 2925.42(D). Appellant does not dispute that the facts in this case demonstrate that the vehicle in question is contraband under R.C. 2925.42. However, appellant maintains that the forfeiture of his 1987 Buick Sedan is an excessive fine in violation of the Ohio and the United States Constitutions. The Ohio Supreme Court in State v. Hill, supra. held that forfeiture of property pursuant to Revised Code 2925.42
is "a form of punishment for a specified offense, and, therefore, is a `fine' for purposes of Section 9, Article I of the Ohio Constitution and the Eighth Amendment to the United States Constitution." Id, at 34. While the Ohio Supreme Court in Hill did not expressly set forth a test to be used in determining whether or not a forfeiture is excessive, the court in Hill expressly stated as follows: "Some courts have recognized certain factors that may be relevant in determining whether forfeiture is grossly disproportionate to the seriousness of the offense, thereby violating the Eighth Amendment. In United States v. Sarbello (C.A. 3, 1993), 985 F.2d 716, 724, the court stated that a lower court's proportionality analysis ". . . must necessarily accommodate the facts of the case and weigh the seriousness of the offense, including the moral gravity of the crime measured in terms of the magnitude and nature of its harmful reach, against the severity of the criminal sanction. Other helpful inquirers might include an assessment of the personal benefit reaped by the defendant, the defendant's motive and culpability, and, of course, the extent that the defendant's interest and the enterprise itself are tainted by criminal conduct." The court also emphasized that "[t]he language of the eighth amendment demands that a constitutionally cognizable disproportionality reach such a level of excessiveness that in justice the punishment is more criminal than the crime." Id. Hill, supra. at 33-34.
The Ohio Supreme court in Hill, supra., also cited United States v. Busher (C.A. 9, 1987), 817 F.2d 1409, 1415 for the proposition that, in determining whether a penalty is excessive when compared with an offense, any sentence, fine or probation imposed on a defendant also should be considered. In Busher, the court noted at 1415, that: "In considering the harm caused by defendant's conduct, it is certainly appropriate to take into account its magnitude: the dollar volume of the loss caused, whether physical harm to persons was inflicted, threatened or risked, or whether the crime has severe collateral consequences, e.g. drug addiction. . . . In addition, the court may consider the benefit reaped by the convicted defendant."
As is stated above, appellant was ordered to forfeit his 1987 Buick Sedan, which appellant, in his affidavit of indigency, had valued at $1,000.00. Appellant now argues that such forfeiture constituted an excessive fine since appellant received a maximum consecutive sentence for each count of aggravated trafficking despite the fact that none of the five controlled sales of crack cocaine to a confidential informant in this case constituted trafficking in an amount over 0.2 grams of crack cocaine. Appellant further stresses that the combined weight of all of the crack cocaine sold was only 0.6 grams. However, the trial court, in its April 26, 1999, Judgment Entry, found that the forfeiture of appellant's vehicle did not constitute an excessive fine "in part, based upon the fact that this vehicle is only valued at approximately $1,000.00; it was used to commit five separate felonies; and, as noted infra, the court by the same Judgment Entry has waived the mandatory fines previously imposed." There is no dispute in the case sub judice that appellant's 1987 Buick Sedan was used to facilitate the commission of the five counts of aggravated trafficking, all felonies, and, therefore, that such vehicle qualifies as contraband under Revised Code 2925.42. Although minimal amounts of crack cocaine were involved in each of the five offenses, we find that the forfeiture of appellant's vehicle was not grossly disproportionate to the offenses committed. While appellant was sentenced to the maximum on each count of aggravated trafficking, the mandatory fines imposed on appellant at the time of the sentencing on April 18, 1996, which totaled $7,500.00, were ultimately waived by the trial court at the forfeiture hearing on April 21, 1999. Therefore, as appellee correctly notes, the forfeiture of appellant's vehicle was the only financial sanction imposed upon appellant as a result of his five separate convictions for aggravated trafficking, all felonies of the third degree. Furthermore, this court previously has upheld the forfeiture of approximately $4,000.00 to $5,000.00 even though only minimal amounts of marijuana were involved in the two offenses for which the appellant was convicted. See In re: Real Property and Improvements Commonly Known as 41925 TR 1029, Blissfield, Ohio, vs. Ronnie J. McFadden (April 30, 1996), Coshocton App. No. 95 CA 23, unreported. Moreover, we find that the trial court's order of forfeiture of appellant's 1987 Buick Sedan was not grossly disproportionate to the five aggravating trafficking offenses for which appellant was convicted since the seriousness and moral gravity of the offenses, all felonies, cannot be disputed. Appellant's sale of crack cocaine, an addictive drug, could lead to drug addiction on the part of the buyer and thus had severe collateral consequences. Appellant's sole assignment of error is, therefore, overruled.
The Judgment of the Licking County Court of Common Pleas is affirmed.
By EDWARDS, J. HOFFMAN, P.J. and FARMER, J. concur